96

### In re APFEL.
### No. 21163.

District Court, W. D. Pennsylvania.
Nov. 13, 1945.

Thorp, Bostwick, Reed & Armstrong, by J. Roland Johnston and Kenneth G. Jackson, all of Pittsburg, Pa., for claimant.

Bernard Goodman and John A. Metz, Sr., both of Pittsburgh, Pa., for trustee.

Watson B. Adair, of Pittsburgh, Pa., Referee in Bankruptcy.

McVICAR, District Judge.

The Referee's order filed July 10, 1945, and the two questions certified by him are before the Court for review. The first question is:

"1. Should the proof of claim filed by F. G. Bishoff March 4, 1942 in the amount of $17,272.14 be allowed?"

The answer to this question depends upon whether the statute of limitations had run against this claim. The only parties, seemingly, having an interest in this matter are the bankrupt and Bishoff, as the aggregate of the other claims filed amounted to only $24.90.

The Referee held that the statute of limitations did not begin to run until October 1936, which was less than six years before Apfel's bankruptcy.

Apfel was adjudicated a bankrupt by this Court August 28, 1941. On June 10, 1935, he was indebted to the liquidating trustees of the First National Bank of Braddock on several notes aggregating $23,018.13, plus interest. These notes were endorsed and guaranteed by Bishoff. By reason of negotiations between Bishoff and the liquidating trustees, Bishoff, on June 18, 1935, gave the trustees his personal note for the full amount of the principal and interest of Apfel's obligations. The liquidating trustees did not deliver Apfel's notes to Bishoff. In October 1936, the liquidating trustees delivered Apfel's notes to Bishoff and received from him his first payment on account of his note of June 18, 1935, which was finally paid November 30, 1942. The Referee held as a fact and found as a conclusion of law that the note which Bishoff gave to the liquidating trustees June 18, 1935 was given by him as a surety and that there was no contract of indemnity from Bishoff until he made the payment in October 1936. Much evidence was taken. The Referee filed a very thorough and able opinion. I agree with the conclusions which he reached for the reasons set forth therein; therefore, it is not necessary to enter into a further discussion thereof herein.

The second question is:

"2. Should the proof of claim filed by F. G. Bishoff May 21, 1942 for $5672.49 be reduced to $2182.01 and allowed for that amount?"

The answer to this question depends upon whether the sending of the statement of the account December 31, 1934, and its receipt and retention by Apfel for nearly five years without dispute, created a new obligation and tolled the statute of limitations respecting the debit items in the account. The evidence was sufficient to sustain the finding of fact that there was an account stated between Bishoff and Apfel, and the law sustains the conclusion that the balance of $2182.01 was not barred by the statute of limitations. I agree with the Referee's finding of fact and his conclusion of law for the reasons set forth in his opinion.

I conclude as to both questions submitted to the Court for review, that the findings made by the Referee should be confirmed.